IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PEDRO DANIEL VASQUEZ,

    **Plaintiff,**

    v.                                                          CASE NO. 23-3225-JWL

KEVIN BASCUE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Pedro Daniel Vasquez is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Finney County Jail in Garden City, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff asserts claims of wrongful incarceration and malicious prosecution. (Doc. 1, at 2.) Plaintiff alleges that two individuals implicated him by stating that Plaintiff had broken into their building. *Id*. On May 29, 2021, Plaintiff was arrested and charged with burglary because one of the individuals stated that she witnessed Plaintiff exiting the front door of the building. *Id*. at 2, 7.

Plaintiff alleges that he learned at his pre-trial hearing on December 23, 2021, that this was a lie and the individual had committed perjury. *Id*. at 2. Plaintiff alleges that his attorney

1

presented evidence showing the testimony was false and Plaintiff was "cleared of all charges." *Id*. at 7.

Plaintiff alleges that the Police Department did not conduct a proper investigation and Officer Cavalier did a poor job investigating the case and should have discovered the misrepresentations. *Id*. at 8.  Plaintiff believes that the prosecutors—Tomas Ellis and Tyler Pettigrew—were the master minds that put the witnesses up to the misrepresentations in order to secure a conviction. *Id*. at 9.  Plaintiff alleges that Case No. 21-CR-199 constituted a "malicious abuse of legal process," and he was wrongly incarcerated for 204 days. *Id*. at 8, 10.

Plaintiff names as defendants: Kevin Bascue, Finney County Sheriff; Andrew Cavalier, Garden City Police Officer; the Garden City Police Department; Tomas Ellis; and Tyler Pettigrew.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1. Improper Defendants

Plaintiff names the county prosecutors as defendants.  Plaintiff's claims against the county prosecutors fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.  Plaintiff is directed to show cause why his claims against the county prosecutors—Tomas Ellis and Tyler Pettigrew—should not be dismissed based on prosecutorial immunity.

Plaintiff also names the Garden City Police Department as a defendant.  Plaintiff's claims against the GCPD are subject to dismissal, as "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)).  This Court has held that municipal police departments are subunits of city government and not legal entities

subject to suit. *Roberts v. Unknown Wichita Police Officers*, 2019 WL 1790050, at *2 (D. Kan. April 24, 2019) (citing *Schwab v. Kansas*, 2017 WL 2831508, at *13 (D. Kan. June 30, 2017) (dismissing Riley County Police Department); *Neighbors v. Lawrence Police Dep't*, 2016 WL 3685355, at *6 (D. Kan. July 12, 2016); *Ward v. Lenexa, Kansas Police Dep't*, 2014 WL 1775612, at *4 (D. Kan. May 5, 2014)); *see also See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("City of Denver Police Department" not "separate suable entity").

Plaintiff names Sheriff Bascue as a defendant, but does not mention him in the body of his Complaint. Plaintiff has failed to allege how the Sheriff personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).

Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body

5

a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights. Plaintiff should show good cause why his claims against Sheriff Bascue should not be dismissed.

### 2. Heck Bar

Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Plaintiff alleges that his charges in Case No. 2021-CR-199 were dropped and he was "cleared of all charges." The case was filed on June 2, 2021, with an offense date of May 28, 2021. *See State v. Vasquez*, Case No. 2021-CR-199 (District Court of Finney County, Kansas). Although Plaintiff alleges that the charges in the case were "dropped," the online docket shows that a plea hearing was held on December 22, 2021, at which the original charge was dismissed and Plaintiff entered a plea of nolo contendere to the amended charge for criminal trespass. *Id*.

Plaintiff was sentenced on that date to 180 days of confinement for the criminal trespass charge. *Id*.

This situation is distinguishable from a case where the charges were dismissed and plaintiff entered a plea agreement on *unrelated* charges. *Cf. Butler v. Compton*, 482 F.3d 1277, 1281 (10th Cir. 2007) ("Mr. Butler's conviction on unrelated charges may not form the basis for the application of *Heck* where there is no challenge to that conviction in Mr. Butler's § 1983 action."). Plaintiff in this case is seeking damages for the time he was detained and incarcerated. However, Plaintiff was detained based on the incident for which he was ultimately convicted. *See Wilkins v. City of Tempe*, No. CV 09-00752-PHX-MHM, 2010 WL 94116, at *3 (D. Ariz. Jan. 6, 2010) (distinguishing *Butler* and finding that "[t]he fact that the crimes which Plaintiff ultimately plead guilty to were not the ones with which he was originally charged is irrelevant; his conviction, unlike the one in *Butler*, arises out of the same incident that led to the original charges"). If this Court were to find that Plaintiff was entitled to damages for being detained and incarcerated, the invalidity of his criminal convictions would be necessarily implicated. *See Wingo v. Mullins*, No. 09-CV-445-GKF-TLW, 2009 WL 4404278, at *2 (N.D. Okla. Nov. 25, 2009) ("To the extent Plaintiff claims that the conduct of Defendants . . . destroyed his business, the Court concludes that any damage to Plaintiff's business which arose prior to his convictions is 'inextricably intertwined' with the allegations resulting in his conviction.") (citation omitted). "The Court finds Plaintiff has failed to demonstrate that he suffered an actual compensable injury unrelated to his conviction and imprisonment which would survive the holding of *Heck*." *Id*. Plaintiff is directed to show cause why this matter should not be dismissed as barred by *Heck*.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for

the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 13, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated October 12, 2023, in Kansas City, Kansas.**

                                   **S/  John W. Lungstrum**
                                   **JOHN W. LUNGSTRUM**
                                   **UNITED STATES DISTRICT JUDGE**